**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROCKY DEAN POE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-CV-0384-GKF-TLW |
| | ) |
| KAMERON HARVANEK, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1), filed by Petitioner Rocky Poe, a state prisoner appearing pro se. Respondent filed a response (Dkt. # 6) and provided the state court records (Dkt. ## 6, 7) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to the response. For the reasons discussed below, the Court denies the petition for writ of habeas corpus.

### *BACKGROUND*

In the early morning hours of April 4, 2010, Officer Aaron Bachman of the Ottawa County Sheriff's Office saw Petitioner leave a convenience store in Miami, Oklahoma, and walk to his vehicle. Dkt. # 7-2 at 12, 103-05. Officer Bachman observed that Petitioner was "very unsteady on his feet and [was] kind of staggering back and forth." Id. at 105. Petitioner got into his vehicle and made a wide right turn onto the street, briefly going west in the eastbound lane. Id. at 105-06. Officer Bachman initiated a traffic stop to investigate whether Petitioner was intoxicated, id. at 108-09, but Officer Bachman did not conduct a field sobriety test because, "due to [Petitioner's] physical condition, [he] was afraid that [Petitioner] would fall and possibly hurt himself." Id. at 114. Officer Bachman administered a breath test, id. at 117, and informed Petitioner he was over the legal limit for blood-alcohol content. Id. at 119. Petitioner then became "agitated," told the Officer Bachman

"[y]our bulletproof vest won't save you," and "leaned forward out of his chair and grabbed [Officer Bachman's] duty weapon." Id. at 119-20. Officer Bachman was able to re-holster his weapon and subdue Petitioner. Id. at 121-22.

Petitioner was charged with Driving a Motor Vehicle While Under the Influence of Alcohol (DUI) (Count 1), Driving with License Revoked (Count 2), and Assault on a Police Officer (Count 3), in Ottawa County District Court, Case No. CF-2010-118. Dkt. # 6-2 at 1-2. Petitioner had three previous felony convictions for DUI. See Dkt. # 7-2 at 101, 183-96. On November 22, 2010, Petitioner entered a blind plea of guilty to the charges and "requested and was granted sentencing by jury." Dkt. # 6-3 at 1. The jury recommended a sentence of twenty (20) years imprisonment and a $100 fine on Count 1, a $500 fine on Count 2, and six (6) months in the county jail on Count 3. Id. The trial judge sentenced Petitioner in accordance with the jury's recommendation, suspended the last five years of the twenty year sentence, and ordered the sentences to run concurrently. Dkt. # 7-3 at 33-34. Attorneys Andrew Meloy and Daniel Giraldi represented Petitioner during his guilty plea and sentencing proceedings. Dkt. # 6-3 at 4.

After sentencing, Petitioner filed a Motion to Withdraw Guilty Plea. Dkt. # 6-1. The district court held a hearing and denied the motion. See Dkt. # 7-4. Petitioner filed a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA). Dkt. # 6-2. Attorney Matthew D. Hair represented Petitioner on appeal. Id. Petitioner raised three (3) propositions of error, as follows:

> Proposition 1:   Petitioner was denied effective assistance of counsel during the plea negotiation process.
>
> Proposition 2:   Petitioner was denied the effective assistance of counsel at his plea withdrawal hearing because his attorney was operating under an actual conflict of interest and wholly failed to advance Petitioner's cause.

      Proposition 3:      The trial court abused its discretion by failing to grant Petitioner's Motion to Withdraw his plea.

(Id.). In an unpublished summary opinion, entered April 5, 2013, in Case No. C-2012-314, the OCCA affirmed the trial court's denial of Petitioner's Motion to Withdraw Plea and denied Petitioner's Application for Writ of Certiorari. Dkt. # 6-3.

On June 27, 2013, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner identifies three (3) grounds of error, as follows:

      Ground 1:      Petitioner was denied effective assistance of counsel during the plea negotiation process.

      Ground 2:      Petitioner was denied effective assistance of counsel at plea withdrawal hearing, attorney under actual conflict of interest.

      Ground 3:      Trial court abused it's [sic] discretion by failing to grant Petitioner's motion to withdraw my plea.

(Id.). In response to the petition, Respondent argues Petitioner is not entitled to habeas corpus relief (Dkt. # 6).

*ANALYSIS*

**A.    Petition for Writ of Habeas Corpus**

    **1.    Exhaustion**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b), (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner presented all the claims raised in Grounds 2-3 and one of the claims raised in Ground 1 to the OCCA on certiorari appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied as to those claims. As discussed in more detail below, Ground 1 of the petition includes one claim that

was not presented to the OCCA on certiorari appeal. Although that claim is unexhausted, the Court may deny the claim on the merits. See 28 U.S.C. § 2254(b)(2).

### 2. Petitioner's Claims

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard federal courts are to apply when reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice." White, 134 S. Ct. at 1702 (citation omitted). The petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. (citation and internal quotation marks omitted); see Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

4

Generally, a federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state court determinations on state law questions). When conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citations omitted).

### a.      Ground 1: Ineffective Assistance of Counsel

In the first sentence of Ground 1, Petitioner contends he was "denied effective assistance of counsel during the plea negotiation process." Dkt. # 1 at 4. Petitioner alleges his "guilty plea and [decision] to ask for a jury to sentence me were the result of ineffective representation." Id. He further claims that he "also did not know that jury sentencing after guilty plea is unauthorized. I would have taken the offer of 10-year sentence with 3 yrs suspended." Id. On certiorari appeal, Petitioner argued that his "plea was taken without him having a full understanding of what was happening" and "counsel failed to protect him from submitting that plea to the court." See Dkt. # 6-2 at 13-14. The OCCA denied relief, finding that Petitioner's counsel was not ineffective because the "plea offer was communicated to [Petitioner], yet he rejected the offer because of his failure to cooperate and maintain communication with his attorneys." Dkt. # 6-3 at 2. The OCCA further found that "[Petitioner] was fully advised of the consequences of his plea by the use of the guilty plea summary of facts. The record provides ample indication that [Petitioner's] plea was entered knowingly and voluntarily." Id. at 3 (citation omitted). On certiorari appeal, Petitioner did not

allege, as he does in his habeas petition, that he would have taken the plea offer had he known jury sentencing was not authorized under state law.[1]

To be entitled to habeas corpus relief on the first part of his claim of ineffective assistance of trial counsel, Petitioner must demonstrate that the OCCA's adjudication of his claim was contrary to, or involved an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). See 28 U.S.C. § 2254(d). Strickland sets out a two-pronged standard for review of ineffective assistance of counsel claims. A defendant must show that (1) his counsel's performance was deficient and that (2) the deficient performance was prejudicial. Strickland, 466 U.S. at 687.

A petitioner can establish the first prong of Strickland by showing that counsel performed below the level expected from a reasonably competent attorney in a criminal case. Id. at 687-88. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689 (citation omitted). In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689 (citation omitted).

A petitioner can establish the second prong of Strickland by showing that this deficient performance prejudiced the defense, to the extent "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

---

[1] Even though Petitioner did not present this specific claim to the OCCA, the Court may deny the claim on the merits. 28 U.S.C. § 2254(b)(2).

reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999); Byrd v. Workman, 645 F.3d 1159, 1168 (10th Cir. 2011) (stating that a petitioner must show that counsel's errors rendered the results of the trial unreliable). "The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 112. Review of a state court's decision on ineffective assistance of counsel claims is "doubly deferential." Cullen v. Pinholster, 563 U.S. 170, 190 (2011) (internal quotation marks and citation omitted) (noting that a habeas court must "take a highly deferential look at counsel's performance" under Strickland and "through the deferential lens of § 2254(d)" (internal quotation marks and citations omitted)).

In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court held that Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. In accordance with Strickland, a defendant raising a claim of ineffective assistance of counsel during the guilty plea process must show counsel's performance was deficient and that such deficient performance prejudiced him. Id. at 57-58. As the Court explained in Hill:

> [i]n the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence . . . . The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Id. at 58-59 (citations and footnote omitted).

However, as the Supreme Court stated in Missouri v. Frye, 132 S. Ct. 1399, 1409-10 (2012), "Hill does not [ ] provide the sole means for demonstrating prejudice arising from the deficient

performance of counsel during plea negotiations." In Frye, the defendant argued that, with effective assistance of counsel, he would have accepted an earlier plea offer from the state instead of entering a blind plea. Id. at 1410. As the Court explained,

> In a case, such as this, where a defendant pleads guilty to less favorable terms and claims that ineffective assistance of counsel caused him to miss out on a more favorable plea offer, Strickland's inquiry into whether 'the result of the proceeding would have been different,' requires looking not at whether the defendant would have proceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed.

Id. (internal citations omitted). The Supreme Court has noted this prejudice analysis applies "where a plea offer has lapsed or been rejected because of counsel's deficient performance." See id. at 1409; see also Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012).

In addition to showing a reasonable probability that Petitioner would have accepted the original plea offer, to complete the showing of Strickland prejudice a Petitioner must also show that:

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler, 132 S. Ct. at 1385. This further showing is "of particular importance because a defendant has no right to be offered a plea, nor a federal right that the judge accept it." Frye, 132 S. Ct. at 1410 (internal citations omitted).

As his first claim raised in Ground 1, Petitioner contends his decision to plead guilty and request jury sentencing was the result of ineffective assistance during the plea negotiation process. Dkt. # 1 at 4. On certiorari appeal, the OCCA made a finding of fact that the "plea offer was communicated to [Petitioner]," see Dkt. # 6-3 at 2, and Petitioner does not offer any evidence or

argument to rebut that finding. See 28 U.S.C. § 2254(e)(1). The OCCA also found Petitioner "was fully advised of the consequences of his plea by the use of the guilty plea summary of facts." Dkt. # 6-3 at 3. The record confirms that the prosecution offered Petitioner a ten year sentence with three years suspended, Dkt. # 7-1 at 6, and Petitioner's counsel communicated the offer to him. Id. Petitioner's counsel also advised him to accept the prosecution's offer, id., but Petitioner rejected the offer against counsel's advice. Id. at 8. Although Petitioner's appellate counsel alleged on certiorari appeal that Petitioner may not have fully comprehended what was happening at his change of plea hearing, Petitioner provided no evidence on certiorari appeal to support the idea that he did not fully comprehend the effect of his guilty plea and subsequent jury sentencing. Petitioner also presents no evidence in his petition for writ of habeas corpus to rebut the OCCA's finding that he was "fully advised of the consequences of his plea." See Dkt. # 6-3 at 3. Petitioner fails to demonstrate that the OCCA's adjudication of his claim of ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

As his second claim raised in Ground 1 of the petition for writ of habeas corpus, Petitioner alleges that, had he known that the law did not authorize jury sentencing after a guilty plea,[2] he would have accepted the prosecution's plea offer. Dkt. # 1 at 4. Although this claim was not presented to the OCCA, the Court finds it is meritless. See 28 U.S.C. § 2254(b)(2). Petitioner offers no additional argument or evidence supporting his bald claim that he would have accepted the plea

---

[2] Although having a jury recommend a sentence after a plea of guilty may not be authorized under state law, the OCCA has characterized a jury recommendation following a guilty plea as "superfluous" and not reversible error. See Borden v. State, 710 P.2d 116, 118 (Okla. Crim. App. 1985) (affirming sentences as handed down by the trial judge based on a jury's recommendation after defendant pled guilty without a plea agreement with the prosecutor).

9

offer had his counsel informed him that, upon entry of a guilty plea, the law authorized sentencing only by a judge as opposed to sentencing by a judge with a jury recommendation. The record reflects that, at the change of plea hearing, held November 22, 2010, the prosecutor advised the trial judge that, prior to the Felony Disposition Docket, the State offered ten years, with three years suspended, in exchange for a plea of guilty. See Dkt. # 7-1 at 6. Petitioner refused the offer prior to October 4, 2010, the date of the Felony Disposition Docket. Id. Defense counsel then stated that they had conveyed the State's plea offer to Petitioner and advised him to take the offer, but he rejected the offer. See id. at 6-8. Nothing in the record suggests that Petitioner rejected the plea offer because of counsel's deficient performance or that, but for the ineffective advice of counsel, there is a reasonable probability that the original plea offer would have been presented to the court.[3] Therefore, Petitioner is not entitled to habeas corpus relief on his claim that he would have accepted the plea offer had he known that the law did not authorize jury sentencing after a guilty plea.

After reviewing the record, and for the reasons stated above, Petitioner has failed to show that the OCCA's adjudication of the first claim in Ground 1 was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

---

[3]Significantly, at the change of plea hearing, the prosecutor advised the trial judge that "we have tendered no further offer since" Petitioner rejected the State's initial offer. See Dkt. # 7-1 at 6. In addition, defense counsel stated that Petitioner had not told counsel about "pending DUI charges that he has in other counties." Id. at 7. According to the docket sheet for Cherokee County District Court, Case No. CF-2010-495, viewed at www.oscn.net, Petitioner was arrested and charged with another DUI on October 26, 2010, after Petitioner rejected the plea offer in Ottawa County District Court, Case No. CF-2010-118. In light of that intervening circumstance, it is not reasonably probable that the State's plea offer of ten years, with three years suspended, would have been available for Petitioner to accept even had he known that sentencing by a jury following a guilty plea is unauthorized under state law.

The Court also finds Petitioner's second claim is meritless. Therefore, habeas corpus relief is denied on Ground 1.

### b. Ground 2: Conflict of Interest

In Ground 2, Petitioner contends he "was denied effective assistance of counsel at plea withdrawal hearing, attorney under actual conflict of interest." Dkt. # 1 at 6. Petitioner alleges the "[a]ttorney's [sic] and law firm were the same one's [sic] at both sentencing and motion to withdrawl [sic] plea. They did very little to state my case and never even seen [sic] me or talked to me till we were in the courtroom." Id. On certiorari appeal, the OCCA concluded Petitioner's counsel was not ineffective because "[Petitioner] has not shown that counsel at the withdraw hearing was acting under an actual conflict of interest. . . . [T]here were no accusations against counsel from the petitioner for which counsel would have to defend himself at the withdraw hearing." Dkt. # 6-3 at 3.

In order to establish a violation of the Sixth Amendment based on a conflict of interest, "a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Where the defendant makes a timely objection pointing out a conflict of interest, prejudice is presumed if the trial court fails to make an adequate inquiry into the situation and take appropriate steps. Selsor v. Kaiser, 22 F.3d 1029, 1032-33 (10th Cir.1994) (citation omitted). "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' . . . ." Strickland, 466 U.S. at 692 (citation omitted). The mere possibility of a conflict of interest "is insufficient to impugn a criminal conviction." Cuyler, 446 U.S. at 350. Furthermore, to demonstrate a Sixth Amendment violation where the trial court failed to inquire into potential conflict of interest

11

about which it knew or reasonably should have known, the defendant has to establish that this conflict of interest adversely affected counsel's performance. Mickens v. Taylor, 535 U.S. 162 (2002) (capital case involving alleged conflict of interest resulting from defense attorney's representation of defendant's victim at time of murder).

Petitioner has not shown that the OCCA's adjudication of this claim rises to the level of being either contrary to, or an unreasonable application of, clearly established federal law. Although Petitioner alleged on certiorari appeal that the only way Petitioner's position could be advocated at the withdrawal hearing was for his counsel to delve into the quality of their representation, Petitioner did not present the OCCA with any extrinsic evidence to support the allegation that his counsel had provided inadequate representation. Petitioner also failed, on certiorari appeal, to present evidence to support his claim that the alleged conflict of interest adversely affected his trial counsel's performance at the hearing on the Motion to Withdraw Guilty Plea.

The Court cannot say the OCCA's adjudication of Ground 2 was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Therefore, habeas corpus relief is denied on Ground 2.

    **c. Ground 3: Failure to Grant Motion to Withdraw Guilty Plea**

In Ground 3, Petitioner contends the "[t]rial court abused it's [sic] discretion by failing to grant Petitioner's motion to withdraw my plea." Dkt. # 1 at 7. Petitioner alleges the trial court should have allowed him to withdraw his guilty plea because the "[t]rial court knew the attorney's [sic] were the same that represented me at sentencing and motion to withdrawl [sic] plea." Id. On certiorari appeal, the OCCA "[found] that the trial court did not abuse its discretion [in] failing to

allow [Petitioner] to withdraw his guilty plea, as [Petitioner] did not show that the plea of guilty was unknowing and involuntary." Dkt. # 6-3 at 3.

To the extent Petitioner alleges a violation of the federal constitution, Petitioner must show his guilty plea was not entered into "knowingly and voluntarily." Boykin v. Alabama, 395 U.S. 238 (1969). "To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequence." United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir.2002) (citations and internal quotation marks omitted). A plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed. Worthen v. Meachum, 842 F.2d 1179, 1182 (10th Cir.1988) (stating that critical inquiry is whether defendant knows of maximum possible sentence), overruled on other grounds by Coleman v. Thompson, 501 U.S. 722 (1991). Furthermore, it is not necessary that the record reflect a detailed enumeration and waiver of rights as a result of the guilty plea; rather the issue is simply whether the record affirmatively shows that the guilty plea was intelligent and voluntary. Stinson v. Turner, 473 F.2d 913 (10th Cir.1973). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir.2002) (citation omitted). The "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

On certiorari appeal, the OCCA found Petitioner did not show that the plea of guilty was unknowing or involuntary, Dkt. # 6-3 at 3, and Petitioner has not shown, by clear and convincing evidence, that the OCCA's factual finding was incorrect. See 28 U.S.C. § 2254(e)(1). Petitioner

13

makes no additional argument in Ground 3 of his petition other than his statement that the "[t]rial court knew the attorney's [sic] were the same that represented me at sentencing and motion to withdrawl [sic] plea." Dkt. # 1 at 7. The record supports the OCCA's finding that Petitioner's plea was knowing and voluntary. At his change of plea hearing, Petitioner affirmed that he had reviewed the Plea of Guilt Summary of Facts, had an "opportunity to read the questions asked and circle the answers," and "[h]ad an opportunity to visit with [his] attorney concerning the legal effect of the answers [he] gave." Dkt. # 7-1 at 2-3. Petitioner also affirmed that he was entering this plea freely and voluntarily. Id. at 4. The trial court found Petitioner's guilty plea was knowingly and voluntarily entered. Id. at 5.

The Court cannot find the OCCA's adjudication of Petitioner's claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Therefore, habeas corpus relief is denied on Ground 3.

**B.      Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. A petitioner can satisfy the standard by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted).

After considering the record in this case, the Court concludes a certificate of appealability should not issue. Nothing suggests this Court's application of AEDPA standards to the OCCA's decision is debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004). A certificate of appealability shall be denied.

## *CONCLUSION*

After careful review of the record, the Court concludes Petitioner has not established he is in custody in violation of the Constitution or laws of the United States. Therefore, the petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that,

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
2. A certificate of appealability is **denied**.
3. A separate judgment shall be entered in this matter.

**DATED** this 10th day of June, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT